IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:16 CR 258 |
| | ) | |
| Plaintiff | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | DEFENDANT'S BRIEF IN |
| | ) | OPPOSITION TO THE |
| DELANTE LUNN | ) | GOVERNMENT'S ATTEMPT |
| | ) | TO LIMIT DEFENDANT'S |
| Defendant | ) | EXPERT WITNESS TESTIMONY |

Now comes the Defendant, DELANTE LUNN, by and through his attorney, James A. Jenkins, and submits the attached Brief in order that this Honorable Court may rule on the admissibility of Defendant's expert witness' testimony which United States of America seeks to limit. Defendant's reasons for opposing the government's attempts to silence their expert are more fully set forth in the Brief attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ *James A. Jenkins*
JAMES A. JENKINS (0005819)
55 Public Square, Suite 2100
Cleveland, Ohio 44113
216/363-6003
Facsimile: 216/363-6013
Email: jajenkins49@hotmail.com

## SERVICE

A copy of the foregoing Brief in Opposition was filed electronically this 19th day of June 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *James A. Jenkins*
JAMES A. JENKINS
Attorney for Defendant

## BRIEF

Plaintiff herein filed a Motion seeking to prevent Defendant's expert witness, Dr. Robert J. Belloto, from testifying in this matter as to the cause of death. They cite *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993), a case more frequently utilized by defendants. Dr. Belloto's qualifications and his expert report were generously provided to the government as soon as they were received by counsel. The Plaintiff has yet to provide their expert report. Dr. Belloto's credentials are excellent and provide a sound basis for his prior admittance as an expert in the very same courthouse where defendant seeks to air his opinions. Though limited in his testimony by Judge Gaughan, Defendant seeks to admit Dr. Belloto's opinion on "cause of death" along with other relevant issues.

Reliance by the Plaintiff on *United States v. Zolot* 968 F.Supp.2d 411, 426-27 (D.Mass. 2013) falls squarely into the "apples and oranges" category. Ingestion of pharmaceuticals and other controlled substances in causing the demise of the decedent in this case is a far cry from opining on cardiovascular diseases. Dr. Belloto has been a pharmacist for over thirty-seven years and a forensic toxicology consultant for over twenty years. He is exceedingly qualified to offer the opinion outlined in his report.

In *United States v. Martinez*, 588 F.3d 301, 323 (quoting *Daubert* at 596), our Sixth Circuit noted that "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Surely, Dr. Belloto's testimony is far from shaky and is, in fairness to the accused, admissible. The government's real argument goes to the weight of the testimony and not the admissibility. Though the Plaintiff's expert opinion is still shrouded in mystery, it's a safe bet that it is contrary to that offered by Dr. Belloto.

WHEREFORE, Defendant respectfully requests this Honorable Court overrule the government's attempt to censor Defendant's expert witness and allow a full, fair and professional opinion to aid the jury in this most complex issue involving heroin, fentanyl, benzodiazepine, and alprazolam and the untimely death of this troubled young lady.

/s/ *James A. Jenkins*
JAMES A. JENKINS (0005819)
55 Public Square, Suite 2100
Cleveland, Ohio 44113
216/363-6003
Facsimile: 216/363-6013
Email: jajenkins49@hotmail.com