UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR258 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DELANTE L. LUNN, | ) | GOVERNMENT'S MOTION TO MODIFY |
| | ) | THE RECORD ON APPEAL UNDER |
| Defendant. | ) | FEDERAL RULE OF APPELLATE |
| | ) | PROCEDURE 10(e)(2)(B) |

Plaintiff, the United States of America, through undersigned counsel, respectfully moves this Court to modify the record on appeal under Federal Rule of Appellate Procedure 10(e)(2)(B), as set forth in the memorandum below.

## MEMORANDUM

The government requests that this Court modify the record on appeal to include transcripts of recorded telephone calls (Attachments 1 and 2) and photographs (Attachments 3 and 5 through 9) that will aid the Court of Appeals in deciding the evidentiary and sufficiency issues that Lunn raises on direct appeal. These items were either before the jury as an admitted exhibit (Attachment 3), as an aid to admitted exhibits (Attachments 1 and 2), or accurately depict physical evidence that was admitted as an exhibit (Attachments 5 through 9), but were omitted from the electronic record and, thus, are unavailable to the Court of Appeals. Federal Rule of Appellate Procedure 10(e)(2)(B) provides that : "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be

corrected and a supplemental record may be certified and forwarded . . . . by the district court before or after the record has been forwarded."

Here, the attached items were omitted from the existing record by error or accident, as they are material to the issues Lunn raises on appeal.  In particular, Lunn argues on direct appeal that the evidence was insufficient to convict him of distributing a controlled substance resulting in death and that this Court erred in admitting evidence that he sold heroin to a confidential informant during a controlled buy to show his identity, as well as his knowledge and intent under Federal Rule of Evidence 404(b).  (Sixth Circuit Case No. 18-3568, Doc. 37: Lunn's Br., Pages 39-47).

Relevant to both of these claims, during trial, the government played recorded calls between Lunn and Brianna Robertson, which were admitted as Exhibits 30 and 31.  (R. 83: Robertson, Trial Trans., PageID 790-94; see also generally, R. 84: Trial Trans., PageID 956). Although the corresponding transcripts of these calls were not admitted into evidence, with the parties agreement, this Court permitted the jury to use the transcripts as aids during deliberations. (R. 84: Trial Trans., PageID 1071).  As such, the government believes that the omitted transcripts are material on appeal, as they would be a useful aid for the Court of Appeals when listening to the two admitted calls.  Hence, the government requests that the Court modify the record to include the transcripts of Government Exhibits 30 and 31 that were available to the jury during trial.  (See Attachments 1 and 2).

Additionally, at trial, the Court admitted as evidence the bag of heroin-fentanyl found on the nightstand near the victim's body (Exhibit 14), a photograph of that item (Exhibit 7), and the bag of heroin that Lunn sold a confidential informant (Exhibit 34).  (See generally, R. 82: Ligas, Trial Trans., PageID 556, 558-59; R. 83: Doyle, Trial Trans., PageID 625-26; R. 84:

Constantino, Trial Trans., PageID 847-48; R. 84: Carty, Trial Trans., PageID 931; R. 84: Trial Trans., PageID 956).  Since the Court of Appeals is unable to view the physical controlled substances and packaging that were before the jury as Exhibits 14 and 34, the government requests that this Court modify the record to include admitted Exhibit 7 (Attachment 3) as part of the electronic record so that it is available to the Court of Appeals with PageID numbers.  For similar reasons, the government requests that this Court modify the record to include photographs (Attachments 5 through 9) that accurately depict admitted Exhibit 34 because their omission is material to both parties on appeal and, thus, necessary for the Court of Appeals to review along with Exhibit 7 in deciding Lunn's Rule 404(b) argument.  FBI Special Agent Casey Carty, the case agent in this case, certifies in his attached affidavit (Attachment 4) that the photographs submitted with the instant motion as Attachments 5 through 9 fairly and accurately depict the bag of heroin that was admitted at trial as Exhibit 34.  As such, in addition to the call transcripts discussed above, the government respectfully requests, under Federal Rule of Appellate Procedure 10(e)(2)(B), that this Court modify the record to include admitted Exhibit 7 and the photographs of admitted Exhibit 34.

**CONCLUSION**

  For the foregoing reasons, the government respectfully requests this Court to modify the record to include Attachments 1 through 3 and 5 through 9 as part of the electronic record, under Federal Rule of Appellate Procedure 10(e)(2)(B).

               Respectfully submitted,

               JUSTIN E. HERDMAN
               United States Attorney

        By: /s/ Vasile C. Katsaros
           Vasile C. Katsaros (OH: 0067386)
           Robert F. Corts (OH: 0041432)
           Assistant U.S. Attorneys
           United States Court House
           801 West Superior Avenue, Suite 400
           Cleveland, OH 44113
           (216) 622-3876/3957
           (216) 522-7499 (facsimile)
           Vasile.Katsaros@usdoj.gov
           Robert.Corts@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Vasile C. Katsaros
Vasile C. Katsaros
Assistant U.S. Attorney