

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA         case# 1:16-cr-00258-DCN(1)
    v.
DELANTE L. LUNN                 USM# 64243-060

MOTION TO MODIFY SENTENCE IN
ACCORDINANCE WITH U.S.C. § 3582 (c)(1)(b)
AND
MOTION TO CORRECT A CLERICAL MISTAKE IN THE
ORDER OF JUDGEMENT AND COMMITMENT IN
ACCORDANCE WITH RULE 36 OF F.R.C.P.

JURISDICTION

This Court has Jurisdiction pursuant to 18 U.S.C. § 3582(c)(1)(b) and Rule 36 of F.R.C.P.

Now comes into court Delante L. Lunn (Pro'se) that ask this court to grant his motion for the following reason(s).

1.

Mr. Lunn was sentenced on June 13, 2018 for count 1 in violation of 21:841(a)(1) and (b)(1)(c) Distribution of heroin and fentanyl, count 2 and 4 21:843(b) use of a communication facility to facilitate act constituting a felony and count 5 21:841(a)(1) and (b)(1)(c) Distribution of heroin. (see Judgement in criminal case page 1). Mr. Lunn was sentenced to 300 months. Ambiguity exist in the sentence for count 2,4, and 5 because the sentence cannot be ascertain from the language at sentencing. However the Judgement reflect that Mr. Lunn was sentenced to 300 months for count 1 300 months for counts 2 and 4 and count 5 terms to run concurrent. (see Judgement page 2

attachment A). This was not the sentenced orally pronounced at sentencing for <u>counts 2,4 and 5</u>.

2.

On page 4 of the sentencing transcripts (sentencing transcripts see attachment A) the follow exchange occured:

**court:** The first is, I have to look at the count or counts of conviction and what the maximum sentence is or maximum statutory sentence is. <u>count 1</u> the maximum statutory sentence is up to life imprisonment, do you understand that ?

**Defendant:** yes, sir

**court:** and counts 2 and 4 maximum sentence is up to four(4) years. Do you understand that ?

**Defendant:** yes, sir

**court:** And count 5, the maximum sentence is up to 20 years. Do you understand that ?

**Defendant:** yes, sir

The court then found the recommended sentencing range of 292 months to 365 months which appeared to be only for <u>count1</u> ( see sentencing transcript page 4-5)

[2]

3.

The court orally pronounced the sentence which appeared to be only for count 1. The court stated;

" So with all of those factors in mind, what I'm going to do, I think a guideline sentence is appropriate. So I'm going to place you in the custody of the Bureau of prisons to be imprisoned for a term of 300 months...... on count 1,count 1 and count 5 there's three (3) years of supervised release to run concurrent, and count 2 and 4 there's one year of supervised release to run concurrent". (see sentencing transcript pages 13-14)

4.

The sentence orally pronounced from the bench is the sentence. One of the purpose of the written judgement and commitment order is to provide evidence of the sentence. United States v. Villano 816 F. 2d. 1448(10th Cir 1987)(enbanc). Sasser v. United States 352. F. 2d. 796 (6th Cir 1965). The written judgement and commitment order is not the sentence. If the judgement is allowed to stand, then this court would exceed it's statutory authority and pronounced an unlawful sentence on counts 2,4, and 5. Mr. Lunn should be resentenced on counts 2,4 and 5. United States v. Sims,975 F. 2d 1225 (6th Cir 1992)(Holding that when a sentence exceeds the statutory maximum sentence we will vacate the excessive sentence and remand for resentencing).

5.

18 U.S.C. § 3582(c)(1)(b) allows this court to modify the sentence of counts 2,4, and 5 it states in part; "The court may modify an imposed term of imprisonment to the extent otherwise permitted by statute.

[3]

6.

Mr. Lunn also ask the court to correct the clerical error in the judgement order as to count 5 which states: The defendant is adudicated guilty of 21:841(a)(1) and (b)(1)(c) Distribution of heroin and fentanyl. This is incorrect Mr. Lunn pled guilty to count 5 for distribution of heroin "only". This court can correct a clerical mistake in the order of judgement pursuant to Rule 36 of the Federal Rules of Criminal Procedure which states; " after giving notice it consider appropriate, the court may at any time correct a clerical error in a judgement order or other part of the record or correct an error in the record arising from an over sight or omission.

## CONCLUSION

For the reason(s) stated in the foregoing MOTION (S) TO MODIFY AND OR CORRECT A CLERICAL MISTAKE Mr. Lunn ask and pray that this court grant his motion(s).

Dated this 20 day of May 2020.


Respectfully Submitted,

_____
Delante L. Lunn

## CERTIFICATE OF SERVICE

I certify that I have handed this motion to prison officials on this 20 day of May 2020 in accordance with the prison mail box rule. Mail a copy of this motion to the U.S. Attorney of the Northern District of Ohio.

Clerk please serve;

U.S. Attorney of the Northern District of Ohio
801 West, Superior Ave.
Cleveland, Ohio 44113

and

Delante L. Lunn
FCI Beaumont ( LOW ) (T/A)
P.O. Box 26020
Beaumont, Tx. 77720-6020