# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DELANTE L. LUNN, | ) | CASE NO.    1:16 CR 258 |
|  | ) | 1:21 CV 87 |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) | <u>MEMORANDUM OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| Respondent. | ) |  |

This matter comes before the Court upon Delante L. Lunn's ("Petitioner's") Motion to Vacate and Set Aside Judgment of Conviction and Sentence Under 28 U.S.C. § 2255 (ECF #97). The Government filed a Response opposing the Petition. (ECF #103). The Petitioner seeks to vacate his sentence for distribution of a controlled substance resulting in death or serious bodily injury, in violation of 21 U.S.C. § 841(b)(1)(C). On June 14, 2018, Defendant was convicted by jury of this offense and was sentenced to 300 months (25 years) imprisonment. (ECF #58, 66). The United States Court of Appeals for the Sixth Circuit affirmed the trial court's judgment on appeal. Subsequently, he filed a petition for certiorari in the U.S. Supreme Court which was denied.

Mr. Lunn filed the instant motion on January 12, 2021. He asserts grounds for relief claiming ineffective assistance of trial counsel.

## **Legal Standard**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C.

§2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stand fairly and finally convicted." *Id.* at 164. Thus, to prevail on a §2255 motion, the Petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

### Ineffective Assistance of Counsel

Mr. Lunn raises a claim of ineffective assistance of counsel on essentially two grounds: 1) counsel's failure to retain a forensic pathologist that could testify regarding cause of death; and, 2) failure to exploit the lack of an autopsy. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the

2

deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. Further, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Lunn cannot support his claim of ineffective assistance of trial counsel. His first and primary allegation is that his trial attorney failed to retain a forensic pathologist that could testify as to the cause of death. Instead, trial counsel offered the testimony of a pharmacist, Dr. Bellato, who could not opine concerning cause of death. However, Dr. Bellato did testify regarding post-mortem redistribution and the victim's history with drugs that would have increased her tolerance. Dr. Bellato further testified that the fentanyl in the victim's blood could have been from a previous use, therefore, the fatal drugs could have been provided by a different dealer.

There is "a strong presumption that counsel's assistance falls within the wide range of reasonable professional assistance" and a presumption that "the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Decisions regarding counsel's "selection of an expert witness is a paradigmatic example of the type of strategic choice that, when made after thorough investigation of the law and fact, is virtually unchallengeable." *Hinton v. Alabama*, 134 S.Ct. 1081, 1089, 188 L.Ed.2d 1 (2014).

Mr. Lunn analogizing his case to the Seventh Circuit case, *Thomas v. Clements*, is not

persuasive. The government correctly asserts that these cases are distinguishable. Here, counsel's decision to highlight the previously mentioned issues through expert testimony was part of the defense's tactical strategy.

Mr. Lunn also cannot support his assertion that defense counsel failed to exploit the lack of an autopsy as a weakness in the government's case. Trial counsel did address the lack of an autopsy. Counsel did so through their expert witness, who made several statements about the lack of an autopsy. In addition, on cross-examination of one of the government's expert witnesses, Dr Miller, defense counsel did ask about the lack of an autopsy.

Further, even if counsel's assistance was inadequate for the reasons Mr. Lunn asserts, he has not shown that there is a reasonable probability that the outcome would have been different. On the issue of prejudice, the Supreme Court stated "*Strickland* asks whether it is "reasonably likely" the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S.Ct. 770,792 (2011). The court further elaborated, "the likelihood of a different result must be substantial, not just conceivable." *Id.*

Mr. Lunn argues postmortem redistribution, the victim's fentanyl levels being barely over therapeutic range, and the lack of an autopsy are evidence against causation. He claims counsel failed to adequately provide evidence and argue the issue of cause of death. However, it is undisputed that the victim had a toxic level of fentanyl in her system. The jury heard the challenges to the government's witness raised by defense counsel on cross-examination. This included that the fentanyl in the victim's blood level was just over the therapeutic range, that levels of fentanyl are known to increase after death due to post-mortem redistribution, and that there could have been alternative causes of death. It was also brought to their attention  many

times that there was no autopsy performed. The jury still found that the cause of death was from the drugs supplied by Mr. Lunn. Therefore, Mr. Lunn has not evinced a substantial likelihood of a different result sufficient to establish prejudice.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.   For the reasons stated above, the Court concludes that Mr. Lunn has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate and Set Aside Judgment of Conviction and Sentence Under 28 U.S.C. § 2255 (ECF #97) is DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: September 20 2021

6